**(115 So. 465)**

**No. 28702.**

**LOUISIANA RY. & NAV. CO. v. LOUISIANA PUBLIC SERVICE COMMISSION et al.**

Jan. 18, 1928.

*(Syllabus by Editorial Staff.)*

Railroads ☞96—Railroad cannot be compelled to construct road or street over its land without either dedication or expropriation.

Railroad cannot be compelled to construct public road or street over land owned by it in fee simple and as to which there had been neither dedication nor expropriation for use of the public.

Appeal from Nineteenth Judicial District Court, Parish of East Baton Rouge; George K. Favrot, Judge.

Suit by Louisiana Railway & Navigation Company against the Louisiana Public Service Commission and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Shelby Taylor, of Baton Rouge, for appellant Louisiana Public Service Commission.

John Fred Odom, District Attorney, of Baton Rouge, for appellant Police Jury of Parish of East Baton Rouge.

Taylor, Porter, Loret & Brooks, of Baton Rouge, for appellant Dougherty Land Co.

Wise, Randolph, Rendall & Freyer, of Shreveport, and Paul G. Borron, of Baton Rouge, for appellee.

ROGERS, J. The Louisiana Railway & Navigation Company brought this suit against the Louisiana Public Service Commission, the police jury of the parish of East Baton Rouge, and the Dougherty Land Company, Inc., for the cancellation of a certain act of dedication executed by the Dougherty Land Company, Inc., in so far as it purports to dedicate to public use the property of plaintiff, and for the annulment of an order of the Public Service Commission commanding plaintiff to provide and maintain a crossing over the property so dedicated.

The court below rendered judgment in favor of the plaintiff as prayed for, and the defendants have appealed.

On December 19, 1902, the Shreveport & Red River Valley Railway Company acquired from the widow of John A. Dougherty a right of way 60 feet wide over a tract of land known as "Highland Plantation," situated just north of the city of Baton Rouge. This right of way formed part of the main right of way of the said railroad company between the cities of Shreveport and Baton Rouge, which was subsequently transferred to the Louisiana Railway & Navigation Company, plaintiff herein. On August 12, 1909, the Louisiana Railway & Navigation Company purchased in fee simple from Nolan S. Dougherty a strip of land 50 feet wide and 3598.9 feet long, containing 4.14 acres, lying adjacent to and on the west side of its right of way. This sale was made and accepted subject only to the servitude of a public road known as the "Chickasaw road." No other servitude of way has been granted across the property since it was acquired by said railway company. In 1921, the heirs of Nolan S. Dougherty, the owners of the land adjoining the land of the railway company on the east and west, organized the Dougherty Land Company, Inc., for the purpose of developing and selling their property. In pursuance of this purpose, the property was named "Standard Heights" and subdivided into squares and lots. In March, 1925, the Dougherty Land Company, Inc., by notarial act, dedicated to public use as a public road or street a strip of ground 50 feet wide running through its property and the property of the railway company. In the act of dedication this strip of ground was

designated as C street. Subsequently, at the instance of the Dougherty Land Company, Inc., the police jury of the parish of East Baton Rouge adopted a resolution ordering the plaintiff railway company to construct a suitable and convenient crossing at the point where C street intersects its right of way and the strip of land owned by it in fee simple. The railway company refused to obey this order, and the police jury certified the matter to the Louisiana Public Service Commission, with the request that the commission order the railway company to construct the crossing. See Act 132 of 1918. The Dougherty Land Company intervened in the proceeding and joined in the request of the police jury. After a hearing before one of the commissioners, the railway company was ordered by the commission to provide and maintain the crossing. The issuance of this order was followed by the present suit.

It is too plain to admit of argument that the Dougherty Land Company, Inc., could not dedicate to public use the property belonging to the railway company, and its attempt to do so is without effect. The police jury made no effort to expropriate the property for the use of the public as a road or street.

The court below found, and we think correctly, that it was unnecessary for it to pass upon the right of the Public Service Commission to force the railway company to construct a crossing over its right of way; that since there had been neither a dedication nor an expropriation the said company cannot be compelled to construct a public road or street over the land owned by it in fee simple. Railroad Co. v. City of Monroe, 48 La. Ann. 1102, 20 So. 664; State v. Morgan's La. & T. R. & S. S. Co., 111 La. 120, 35 So. 482.

For the reasons assigned, the judgment appealed from is affirmed.