SUMMERS, Justice
(concurring in the result reached but dissenting from the reasons assigned).
Although I agree with the result reached in this case, I do not subscribe to the Court’s orbiter dictum that the main and *179 subsidiary lines and spur tracks of the Railroad, which the Department seeks to cross at grade, are not private property or that this property may be taken for public purposes without the payment of just and adequate compensation as required by Section 2 of Article I of the Constitution of Louisiana.[1]
The Court’s expressions on this issue are pure dicta, unnecessary for the decision of the case, based upon similar dicta found in Illinois Central R. Co. v. Louisiana Public Service Comm., 224 La. 279, 69 So.2d 43 (1953), authored by the organ of the Court in the instant case.
In arriving at the conclusion that the railroad property is not private property, the Court relies upon Section 3 of Article XIII of our Constitution where the following language is found:
“All railroads are hereby declared public highways, and every railroad company shall have the right, with its road, by expropriation, to intersect, connect with, or cross any other railroad, and shall receive and transport the others’ passengers, tonnage and cars, loaded or empty, without delay or discrimination.”
By the very terms of this constitutional provision declaring that railroads are puN lie highways, expropriation is necessary to intersect, connect with, or cross any other railroad. The obvious intent of this'article is to vest railroads with a “public purpose” in order that they might avail themselves of the right of expropriation, since a public purpose is essential to that right under Section 3 of Article I of the Constitution. The only other effect of the declaration that railroads are public highways is to require all railroads to receive and transa port the passengers, tonnage and cars of other railroads without discrimination. The private ownership or character of railroad property is not otherwise affected. To extend this clear meaning of Article XIII, Section 3 and allow an uncompensated taking of property across the railroad’s main lines, subsidiary lines and spur tracks, as the dicta of the Court suggests, is tortured reasoning contrary to the basic and fundamental constitutional protection found in Article I, Section 2.
The property taken here is 361 feet in length through private, industrial and railway property severing a ten-acre tract owned in fee by the railway company. This is no mere crossing of a railroad track or right of way. In fact, this problem is not at issue because the railroad recognizes such a crossing to be authorized by Section 841 of Title 45 of the Revised *181 'Statutes. Rather, the language of the dicta would permit the taking and damaging of ■other valuable fee property by a mere show •cause proceeding before the Public Service Commission without resort to expro■priation proceedings or the payment of any •compensation.
It is, of course, elementary that the powers of the’ Louisiana Public Service Commission are limited to those delegated by the Constitution and laws of the State. Richland Gas Company v. Hale, 169 La. .300, 125 So. 130 (1929). While the powers of the Commission to supervise and regulate public utilities are broad and plenary, the Commission has no authority, right or power to take property of the utilities for any purpose. Such a right is absent from the constitutional provision which defines the powers of the Commisision, and the right cannot be implied under any rule of reason or interpretation. See La.Const. art. 6, §4 (1921).
“The Louisiana Public Service Commission is a public board, and not a •part of the established judiciary system ■of the state. It is not a court, in any proper sense of that term. The power ■of eminent domain is not conferred upon the Commission, and it is powerless, hy the adoption of any rule or regulation, to take away from the courts of this state- their exclusive right to pass upon the question as to what constitutes jublic utility and public purpose in matters of expropriation.” River & Rail Terminals v. Louisiana Railway & Navigation Company, 171 La. 223, 130 So. 337 (1930). Cf. Louisiana Railway & Navigation Company v. Louisiana Public Service Commission, 165 La. 219, 115 So. 465 (1928).
The gratuitous language of the majority opinion, though not binding in future decisions, may, if permitted to stand without challenge, form the basis for future decisions, just as the dicta in Illinois Central Railway Company v. Louisiana Public Service Commission, 224 La. 279, 69 So.2d 43 (1953) formed the basis for the unnecessary and erroneous expressions in the case at bar. It is by such devices that our constitutional safeguards are eroded away. See the penetrating dissent of Mr. Justice Moise in the Illinois Central Case, ibid.

. La.Const. Art. I, See. 2, provides in pertinent part: “ * * * Except as otherwise provided in this Constitution, private property shall not he taken or damaged except for public purposes and after just and adequate compensation is , paid.”